IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| FRANCES TAYLOR HARRINGTON, <br><br> Plaintiff, <br><br> v. <br><br> EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION, LLC, <br><br> Defendants. | Case No 5:22-cv-00026-BO |

## AGREED PROTECTIVE ORDER

Pending before the Court is the Parties' Agreed Motion for Protective Order. After considering said Motion, the Court finds that it should be GRANTED. It is therefore, ORDERED that the parties herein comply with the provisions of this Order set forth below.

Plaintiff Frances Taylor Harrington ("Plaintiff") has filed this lawsuit (the "Litigation") against Defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC, ("Defendants"), alleging that Defendants are liable to Plaintiff for damages resulting from alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* and that Defendants defamed Plaintiff. In connection with the Litigation, Plaintiff has sought discovery or testimony regarding certain Defendants' confidential and proprietary trade secrets and other business information and Defendants have or will seek discovery or testimony regarding the personal identifying information of Plaintiff (herein after collectively referred to as the "Confidential Information").

As a means of avoiding continued dispute with respect to any Party's requests for the Confidential Information, the Parties have agreed to produce certain Confidential Information pursuant to the terms of this Order.

All Confidential Information shall only be utilized by the Parties in connection with the Litigation and in accordance with the terms and conditions of this Order.

1. <u>Scope of Protective Order</u>: This Protective Order shall govern the use and treatment of Discovery Material. "Discovery Materials" shall mean and include any document (whether in hard copy or electronic form) records, responses to discovery, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery, in connection with this Litigation. The parties may use Discovery Material solely for the purposes of this litigation, including any and all appeals, and not for any other purpose.

2. <u>Designating Discovery Material As Confidential:</u> Discovery Materials produced or disclosed in connection with the Litigation by a Producing Party that contains either: (1) non-public sensitive, commercial, financial, or proprietary information; or (2) non-public personal information concerning individuals, such as Social Security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical and banking information, may be designated "CONFIDENTIAL" by the Producing Party. Discovery Materials designated "CONFIDENTIAL" shall be referred to herein as "Confidential Discovery Materials." The Parties further agree that reference to any category or type of Discovery Material above is not intended to and shall not be construed as an admission that the Discovery Material above is not subject to an applicable privilege or protection, or that the Discovery Material is relevant, admissible, or reasonably calculated to lead to the discovery of admissible evidence. Confidential Discovery Material may be designated confidential by marking or stamping the page or pages containing such information as "CONFIDENTIAL" or, in the case of Confidential Discovery Material that cannot be so stamped or marked, pursuant to a letter from the Producing Party identifying such materials as Confidential.

3. <u>Designating Discovery Material As Highly Confidential</u>: A Producing Party may, in good faith, designate Discovery Materials containing highly confidential trade secret, personal information, or competitive information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Discovery Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be referred to as "Highly Confidential Discovery Materials." Highly Confidential Discovery Materials may be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by marking or stamping the page or pages containing such information as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or, in the case of Highly Confidential Discovery Materials that cannot be so stamped or marked, by letter identifying such documents as Highly Confidential Discovery Materials. The parties agree that Highly Confidential Discovery Materials may include production records, license agreements, and/or tax records.

4. <u>Use of Confidential and Highly Confidential Material</u>: "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and documents shall be maintained in strict confidence by the Parties who receive such documents or information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person or entity, except:

   a. The parties in this lawsuit, or their employees involved in the management of this litigation;

   b. Counsel of record who represent the parties in this litigation, personnel who are directly employed or contracted by those attorneys' firms and who are assisting the attorneys working on this action and insurance company personnel;

c. Any person who is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation;

d. Independent expert witnesses or consultants, including trial or jury consultants, or other legal counsel retained by the parties in this lawsuit (i.e., not employed by or similarly affiliated with a party or an affiliated company of a party);

e. The Court and its officers, including stenographic reporters, as well as jury members, engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit;

f. Any mediator or arbitrator selected with the consent of all parties or by order of the Court; and

g. Any other person with the consent of the parties or by order of the Court.

5. Before disclosure of any Confidential Discovery Materials or Highly Confidential Discovery Materials to any individual under Section 4c, 4d, or 4g above, the individual must be provided a copy of this Protective Order and agree to be bound thereto by signing a copy of the Confidentiality Agreement, *attached as Exhibit A*. All parties shall retain any such signed copies of the Protective Order and make them available to counsel for other parties to this action upon request, except that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

6. The Parties shall have the right to designate as Confidential Information any part or the whole of any answers to discovery, answers to interrogatories, answers to requests for admission, deposition transcripts, responses to production requests, documents, expert reports, disclosures, exhibits, trial or deposition testimony or other information that the Parties deem to

be confidential. Any document, discovery, testimony, or other information that the Parties have designated as Confidential Information shall constitute Confidential Information, both in form and substance.

7. The Parties may designate any document, discovery, or other information as Confidential Information by an appropriate marking that prominently displays the words "Confidential" or "Confidential Information." Deposition or trial testimony can be designated by the Parties as Confidential Information. Such designation will be made on the record if possible, but the Parties can designate portions of such testimony as Confidential Information by providing written notice of such designation to the opposing Parties within thirty (30) days of receipt of the transcribed testimony by counsel. Until thirty (30) days after receipt of the transcribed testimony, such testimony shall be treated by the Parties as Confidential Information.

8. <u>Court Filings Which Incorporate Information Subject to this Agreement:</u>

To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Agreement (collectively, "papers"), the party filing such papers shall file the papers with the court under seal in compliance with Local Rule 79.2. In the event that a party filing such papers ("filing party") is not the same as the party that designated such papers as confidential (the "designating party"), the parties agree to engage in the following efforts:

(a) To the extent feasible, the filing party and the designating party will meet-and-confer in an effort to file a joint motion to file the papers under seal. The filing party may explicitly state in a joint motion that the filing party takes no position concerning the confidential status of the designating party's documents.

(b) If the filing party and designating party cannot agree to file a joint motion to file the papers under seal, or if it is not feasible under the circumstances to meet-and-confer

regarding a joint motion, the filing party shall file a provisional motion to file the papers under seal. The filing party, in preparing the provisional motion to seal, may state that it does not believe the papers should be filed under seal, and shall state that the designating party may choose to file responsive papers that provide the bases for Local Rule 79.2(b)(1), to the extent not addressed by the filing party.

By way of illustration only, a filing party's provisional motion to file under seal may state under Local Rule 79.2(b)(1) ("the reasons why sealing is necessary") that the filing party disagrees that a document is confidential, the document is being filed under provisional seal solely because the document was designated as confidential, during meet-and-confer discussions the designating party asserted that the document contained trade secrets, and the designating party may choose to file a response.

- (c) Nothing in Part 6(b) shall prohibit the designating party from filing a motion to file under seal in the event that the designating party desires, as the moving party, to seek relief from the Court.
- (d) During the pendency of any challenge to a confidential designation of papers, including a dispute over whether to file papers under seal, the papers shall continue to be treated as confidential subject to the provisions of this Agreement.

9. Challenges to "Confidential" Designations of Discovery Material:

 (a) If any party to this Order should conclude that particular Discovery Material should not be treated as Confidential or Highly Confidential then it shall so notify the designating party in writing and state, the basis for that conclusion.

(b) If the designating party insists on the material being treated as Confidential Discovery Materials or Highly Confidential Discovery Materials as specified in this Order, it shall notify the Challenging Party in writing within ten (10) days of receipt of the Challenging Party's notice. The Designating Party's written notice shall specify all the reasons why confidentiality should apply to the Discovery Materials whose designation as confidential has been challenged. The parties shall, within five (5) business days of service of the aforesaid written notice confer concerning the objection and their dispute as to the designation. If the matter is not then resolved, the Challenging Party shall have thirty (30) days after receipt of such notice to move the court for an order that the challenged Discovery Material should not be designated as Confidential. The party that wished the Discovery Material to retain the Confidential designation shall bear the burden of proof in any challenge to such a designation.

(c) The Parties agree to maintain the confidentiality of any such Confidential Discovery Material and to use it only in the manner authorized by this Order unless and until the Court rules that it may be treated otherwise.

10. <u>No Restriction on Material Independently Obtained or Publicly Available</u>: Nothing in this Order shall be deemed in any way to restrict the use of documents or information which are lawfully obtained or publicly available to a party independently of discovery in this litigation, whether or not the same material has been obtained during the course of discovery in this litigation and whether or not such documents or information have been designated as Confidential Discovery Materials or Highly Confidential Discovery Materials.

11. <u>Exemptions for Authors, Recipients and Parties Producing Confidential Discovery Material</u>: Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material designated Confidential or Highly Confidential to such persons as appear on the face of the document to be its author or recipient, and nothing in this Order shall be deemed to limit or prohibit any matter of use of any Confidential Discovery Materials or Highly Confidential Discovery Materials by the party producing such Confidential Discovery Materials or Highly Confidential Discovery Materials.

12. <u>No Waiver of Objections:</u> Nothing in this Order shall constitute a waiver of a party's right to object to the production of Discovery Material or to demand more stringent restrictions upon the treatment and disclosure of any Discovery Material on the ground that it contains particularly sensitive or proprietary information.

13. <u>Obligation To Act in Good Faith:</u> The parties and their counsel agree to act in good faith when taking any action pursuant to this Order.

14. <u>No Waiver of Rights</u>: The inadvertent or unintentional production of Confidential Discovery Material or Highly Confidential Discovery Material shall not constitute an admission by the producing party and shall not waive the producing person's rights with respect to the propriety, materiality, relevance, or admissibility of the materials produced.

15. <u>Inadvertent Production of Privileged Documents</u>: The inadvertent production of document(s) or other material subject to the attorney-client privilege, work product doctrine, or any other privilege or immunity does not constitute a waiver. Promptly upon learning of the inadvertent disclosure, however, the producing party must notify the receiving party of the inadvertent production and request return or destruction of the documents. The receiving party must promptly return or confirm destruction of all copies of such materials; but doing so shall not preclude the receiving party form seeking to compel production of those materials, nor

constitute an admission that the materials were, in fact, privileged, and the producing party must preserve such documents.

16. <u>Modification of this Order:</u> Any party may apply to the Court in which this litigation is pending for modification of this Order at any time or for the establishment of additional protection governing the use of Confidential Discovery Material or Highly Confidential Discovery Material, including use of such material in submissions to the Court or at any hearing or trial. Nothing in this Order shall preclude the parties to this Order from agreeing to amend or modify this Order or from agreeing to extend it to other legal proceedings, so long as any such agreement is in writing.

17. <u>Continuing Effect of this Order</u>: Neither the termination of this litigation nor the termination of employment of any person who had access to any Confidential Discovery Material or Highly Confidential Discovery Material shall relieve any person or entity from the obligations of maintaining both the confidentiality and the restrictions on the use or disclosure of Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Order.

18. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including all extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party.

19. <u>Entry of Order by the Court:</u> The parties agree to submit this Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court

SO ORDERED.

SIGNED this _20_ day of _October_, 2022.

_____
HONORABLE TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

**AGREED:**

*/s/ Hans W. Lodge*
Hans W. Lodge
MN State Bar No. 0397012
BERGER MONTAGUE PC
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
(612) 607-7794
(612) 584-4470 Fax
hlodge@bm.net
 *and*
Asa C. Edwards
N.C. State Bar No. 46000
MAGINNIS HOWARD
7706 Six Forks Road, Suite 101
Raleigh, NC 27615
(919) 526-0450
(919) 882-8763 Fax
aedwards@maginnishoward.com
***Counsel for Plaintiff***
***Frances Taylor Harrington***

*/s/ Christy C. Dunn*
Robert C. deRosset
N.C. State Bar No. 27656
Christy C. Dunn
N.C. State Bar No. 54816
YOUNG MOORE AND HENDERSON, P.A.
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27612
(919) 782-6860
(919) 782-6753 Fax
Bob.deRosset@youngmoorelaw.com
Christy.Dunn@youngmoorelaw.com
*and*
Amanda Loughmiller
Texas Bar No. 24028042
QUILLING, SELANDER, LOWDNS,
WINSLETT & MOSER, P.C.
6900 N. Dallas Parkway, Suite 800
Plano, Texas 75024
aloughmiller@qslwm.com
(214) 560-5455
(214) 871-2111 Fax
***Counsel for Defendant Trans Union LLC***

*/s/ Caren D. Enloe*
Caren D. Enloe
N.C. State Bar No. 17394
SMITH DEBNAM NARRON
DRAKE
SAINTSING & MYERS LLP
P.O. Box 176010
Raleigh, NC 27619-6010
(919) 250-2000
(919) 250-2124 Fax
cenloe@smithdebnamlaw.com
*and*
Angela M. Taylor
CA State Bar No. 210425
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
angelataylor@jonesday.com
(949) 449-3939
(949) 553-7539 Fax
***Counsel for Defendant***
***Experian Information Solutions, Inc.***

## EXHIBIT A

The undersigned has read and understands the terms of the Agreed Protective/Confidentiality Order effective in this case, *Frances Taylor Harrington v. Equifax Information Services, LLC, et al*, Civil Action No. 5:22-cv-00026-BO, which is currently pending in the United States District Court for the Eastern District of North Carolina, Western Division. The undersigned agrees (i) to abide by the terms of the Agreed Protective/Confidentiality Order; (ii) not to use or divulge, under penalty of law, any documents, materials or other information covered by the Agreed Protective/Confidentiality Order, including Confidential Information, except as permitted by the terms of the Agreed Protective/Confidentiality Order; and (iii) to submit to the jurisdiction of the United States District Court for the Eastern District of North Carolina, Western Division for resolution of any issues arising under the Agreed Protective/Confidentiality Order.

Dated: _____  Signed: _____

Printed: _____